UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAQURON D. MCLEAN LACY,

        Plaintiff,

    v.

D. NAVARRO, et al.,

        Defendants.

1:25-CV-00350-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM

(ECF No. 11)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

ORDER DIRECTING CLERK OF COURT TO REVISE DOCKET AND CASE CAPTION

Plaintiff Laquron D. McLean Lacy is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 7, 8). Plaintiff filed her initial Complaint on March 24, 2025, claiming Defendants were deliberately indifferent to her serious medical needs because she has a chipped tooth and pain in her right knee resulting from a fall but has been refused an MRO or an actual diagnosis. (ECF No. 1). Plaintiff also asserted a claim for cruel and unusual punishment for Defendants Navarro and Osmer leading her over uneven pavement and failing to prevent her from falling face-first onto the pavement. (*Id.*).

On August 28, 2025, the Court screened Plaintiff's initial Complaint and concluded that she failed to state any cognizable claims. (ECF No. 10). However, the Court gave Plaintiff thirty days to file an amended complaint or to notify the Court that she wanted to stand on her Complaint. (*Id.* at p. 9).

1

On September 30, 2025, Plaintiff filed her first amended complaint, which is now before the Court for screening. (ECF No. 11). For the reasons given below, the Court will recommend that this case be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

Because Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915, which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Pleadings filed by *pro se* plaintiff are to be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.     INITIAL COMPLAINT AND SCREENING ORDER

Plaintiff is an inmate currently housed at the Central California Woman's Facility ("CCWF"). Plaintiff's initial Complaint named the following Defendants: Correctional Officer D. Navarro, Correctional Officer A. Osmer, and the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 1).

Plaintiff's initial complaint alleged that on November 14, 2023, while she was at San Joaquin Hospital, she fell face-first onto the pavement and chipped her tooth. Plaintiff alleged that she had no issues with mobility prior to the fall but is now "mobility impaired" because of her right knee. (*Id.*, at p. 3). Plaintiff alleged that Dr. Ezenwugo "has provided no explanation for this so called 'chronic' pain within my right knee." (*Id.*)  Plaintiff alleged that "no actual

diagnosis has been done. And no MRI has been done." (*Id.*)

Plaintiff next alleged that she fell face-first onto pavement because Defendant Navarro did not have a firm grip on her arm and she "was led over uneven pavement." (*Id.*, p. 4). Plaintiff alleged Defendant Osmer was on her left but "did nothing to prevent or stop" her from falling. (*Id.*)

At screening, the Court concluded that Plaintiff failed to state any cognizable claim. The Court provided Plaintiff with the relevant legal standards for a claim of deliberate indifference to a prisoner's serious medical needs and cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 10, p. 4-8). The Court noted that Dr. Ezenwugo was not a defendant, and Plaintiff did not connect her deliberate indifference claim to Defendants Navarro and Osmer. (*Id.*, p. 5).

The Court also said that Plaintiff did "not provide sufficient facts to show, even if true, that she had a serious medical need" and instead noted that "she is 'mobility impaired,' but gives no further description about her current condition…[or] facts that would show that a failure to treat her condition could result in further significant injury or the unnecessary and wanton infliction of pain." (*Id.*, pp. 5-6). The Court further explained that "Plaintiff also does not allege facts that would show that any person was deliberately indifferent to her condition [because] [s]he does not describe anything she said or showed to a medical provider, any tests or evaluation performed, or anything a medical provider did or said in response to her condition." (*Id.*, p. 6).

As to Plaintiff's claim for cruel and unusual punishment in violation of the Eighth Amendment, the Court noted that Plaintiff did not allege excessive use of force against her or a failure to protect her from dangerous conditions. (*Id.*, p. 7). The Court held that, "[a]t most, Plaintiff alleges Defendants negligently let her fall while walking over uneven pavement." (*Id.*).

In addressing Plaintiff's failure-to-protect claim, the Court explained that Plaintiff provided "no other factual allegations showing that Defendant Osmer knew Plaintiff faced a substantial risk of serious harm from the uneven sidewalk. Plaintiff also does not show that

Defendant Osmer had an opportunity to prevent her from falling or acted with deliberate indifference by not preventing her fall on the sidewalk." (*Id*., p. 8).

The Court gave Plaintiff leave to file an amended complaint.

**III.    SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's First Amended Complaint, filed on September 30, 2025, lists Osmer and Navarro as Defendants, but deletes CDCR and adds Dr. Ezenwugo as a Defendant.[1] (ECF No. 11). Plaintiff generally re-asserts the claims and factual allegations described in her initial Complaint. Plaintiff alleges deliberate indifference to serious medical need and cruel and unusual punishment in violation of the Eighth Amendment.

Specifically, Plaintiff alleges that, on November 14, 2023, while at San Joaquin Hospital, "Officer Osmer and Navarro willfully lead Plaintiff over uneven ground" and she fell to the pavement. (*Id*., p. 3). Plaintiff states generally that Defendants "Navarro and Osmer clearly saw the 'dangerous conditions' they were bringing Plaintiff across and therefore showed 'deliberate indifference' when they continued …on uneven ground and…they purposely did not follow policy by not having a firm grasp on Plaintiff." (*Id*., pp. 3-4). "This was done as if they had 'knowledge that harm will result'…." (*Id*., p. 4).

Plaintiff alleges that, since the fall, she has been in "unexplained" pain. She has asked Defendant Dr. Ezenwugo to order an MRI but he has refused. (*Id*.). Dr. Ezenwugo has ordered an x-ray, permanent walker, knee brace, disability vest, and a "low bunk chrono." (*Id*.). Plaintiff told Dr. Ezenwugo that she is in pain throughout the day, which increases when she walks, but Dr. Ezenwugo does nothing to solve this problem. (*Id*.).

Plaintiff asks for examination of her knee by an expert "and fixed if possible," along with $100,000 in damages. (*Id*.).

\\\

\\\

---

[1] Because Plaintiff omits the previous Defendant CDCR from the amended complaint, the Court will direct the Clerk of Court to revise the docket to terminate it, add Ezenwugo, and likewise revise the case caption.

IV.     ANALYSIS OF PLAINTIFF'S COMPLAINT

A.  Deliberate Indifference to Serious Medical Needs

Plaintiff's claim for deliberate indifference to serious medical needs is based on her allegations that she suffers from right-knee mobility issues and pain since falling on November 14, 2023, and that Dr. Ezenwugo has refused to provide her with an MRI or resolved her knee pain. (ECF No. 1, p. 4).

"Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). A mere difference in medical opinion is "insufficient, as a matter of law, to establish deliberate indifference.'" *Toguchi*, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) ("mere

indifference, negligence, or medical malpractice" is insufficient, and "[e]ven gross negligence is insufficient to establish deliberate indifference to serious medical needs") (citations and internal quotation marks omitted).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs under these standards.  While Plaintiff alleges that Dr. Ezenwugo has refused to order an MRI, she confirms that Dr. Ezenwugo has provided a large number of treatments such as ordering an x-ray, permanent walker, knee brace, disability vest, and a "low bunk chrono." (ECF No. 11, p. 4). Plaintiff does not allege facts indicating that an MRI is needed to address her medical condition. Plaintiff does not allege that Dr. Ezenwugo is aware that an MRI is necessary to address her medical need but still refuses to provide it. Instead, Plaintiff alleges a difference in medical opinion or disagreement with a treatment plan, which does not state a constitutional claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim).

### B.  Cruel and Unusual Punishment

Plaintiff also asserts a claim for cruel and unusual punishment in violation of the Eighth Amendment based on her allegation that Defendants Osmer and Navarro did not have a firm grasp of Plaintiff as they led her over uneven pavement.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

"To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Balla v. Idaho*, 29 F.4th 1019, 1025 (9th Cir. 2022); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)

("Where the conditions of confinement are challenged rather than the confinement itself, a plaintiff must make two showings. First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation. Second, the plaintiff must make a 'subjective' showing that the prison official acted 'with a sufficiently culpable state of mind.'") (citations omitted). "Deliberate indifference is 'something more than mere negligence' but 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (citation omitted); *see also Farmer*, 511 U.S. at 835 ("deliberate indifference describes a state of mind more blameworthy than negligence").

Prison officials "are under an obligation to take reasonable measures to guarantee the safety of the inmates themselves." *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "A deprivation is sufficiently serious when the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (citations and internal quotation marks omitted); *see also Farmer*, 511 U.S. at 834 ("For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (holding that placing shackles on a dangerous inmate in the shower does not create a sufficiently unsafe condition because "[e]ven if the floors of the shower are slippery and [Plaintiff] might fall while showering, 'slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment.'") (citation omitted).

"Second, prison officials must act with 'deliberate indifference to inmate health or safety,' meaning that they have subjective knowledge that the inmate faces 'a substantial risk of serious harm.'" *Sheltra v. Christensen*, 124 F.4th 1195, 1200 (9th Cir. 2024). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad v. Corr. Corp.*

*of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013); *see also Balla,* 29 F.4th at 1025–26 ("Deliberate indifference is a 'high legal standard' beyond malpractice or gross negligence.").

Plaintiff's allegations are insufficient to state a claim for violation of the Eighth Amendment under these standards. Plaintiff does not allege facts indicating that Defendants were aware that harm would result from having her walk on the pavement.  She does not allege anything they said indicating that they were aware of the condition or were deliberately indifferent to her safety.  Nor does she describe the condition of the pavement in a way that would have made it obvious that harm would result from her walking on it.  Moreover, she alleges that Defendants held her while they were walking.  Although she alleges that they did not hold onto her tightly enough to prevent her fall, these facts would show at most negligence rather than deliberate indifference to her safety.

V.     **CONCLUSION, ORDER, AND RECOMMENDATIONS**

Based on the foregoing, the Court will recommend that this case be dismissed for failure to state a claim without further leave to amend.  Notably, in its initial screening order, the Court identified the relevant legal standards and gave Plaintiff the opportunity to file an amended complaint. Plaintiff filed an amended complaint with the benefit of these legal standards and instructions, and the Court finds that further amendment would be futile. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (noting that "a district court does not err in denying leave to amend where the amendment would be futile") (citation and quotation marks omitted).

Accordingly, IT IS ORDERED as follows:

1.  The Clerk of Court is directed to terminate California Department of Rehabilitation and Corrections as a Defendant on the docket.

2.  The Clerk of Court is directed to add Dr. Ezenwugo as a Defendant.

Further, IT IS RECOMMENDED as follows:

1.     This action be dismissed, with prejudice, for failure to state a claim.

2.     The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 30, 2026**              /s/ *Erica P. Grosjean*
                                         UNITED STATES MAGISTRATE JUDGE